IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                           No. 2:13-CR-20039

ALLON ANDERSON                                                      DEFENDANT

**ORDER**

Currently before the Court are Defendant Allon Anderson's motion to dismiss indictment (Doc. 16) and the United States' response (Doc. 17). For the reasons set forth below, Defendant's Motion is DENIED.

Defendant is charged in the indictment in this case (Doc. 1) with failure to register and update his registration as a sex offender as required by the Sex Offender Registration and Notification Act ("the SORNA") in violation of 18 U.S.C. § 2250. Defendant contends the indictment is defective for two reasons: (1) the SORNA violates the non-delegation doctrine and (2) the SORNA erroneously relies upon the interstate commerce clause to establish federal jurisdiction over state offenders like Defendant.

The issues raised by Defendant in the instant matter have been previously challenged in various courts, including the Eighth Circuit Court of Appeals. The Eighth Circuit has upheld the application of the SORNA to defendants in situations similar to the Defendant in this case. Previous to the Supreme Court's recent decision in *Reynolds v. United States*, 132 S. Ct. 975 (2012), the Eighth Circuit had held that defendants who were already obligated to register pursuant to state registration requirements pre-dating the enactment of SORNA, lacked standing to pursue non-delegation challenges. *See United States v. Zuniga*, 579 F.3d 845 (8th Cir. 2009) (citing *United*

*States v. May*, 535 F.3d 912 (8th Cir. 2008)). The Supreme Court found in *Reynolds*, however, that the SORNA's registration requirements did not apply to pre-Act offenders until the Attorney General so specified. 132 S. Ct. at 984. The Eighth Circuit has now held, in line with other Circuits that have addressed the issue, that "section 16913(d) of SORNA is a valid delegation of authority because Congress provided the Attorney General with an intelligible principle to follow." *United States v. Kuehl*, 706 F.3d 917, 917 (8th Cir. 2013). Defendant's non-delegation argument is, therefore, precluded by Eighth Circuit precedent, which this Court is bound to follow.

Both Defendant and the Government ignore the fact that it does not appear that Defendant even has a valid non-delegation argument regarding the Attorney General's authority to determine how the SORNA would apply to state sex offenders convicted prior to the enactment of the SORNA. The SORNA was enacted in 2006, and the Attorney General's interim rule was promulgated in 2007. Defendant was convicted of his predicate state court sex offense in 2009. However, to the extent that Defendant argues that Kansas (the state in which Defendant was previously convicted) had not yet fully implemented[1] the SORNA at the time of Defendant's 2009 conviction, the Court finds that Defendant's non-delegation argument is nonetheless precluded by applicable precedent as set forth above.

The Court likewise finds Defendant's argument that the SORNA's enforcement and/or

---

[1] The Court notes that Kansas—along with 15 other states, 3 territories, and 50 tribes—has now substantially implemented the SORNA. Report by the Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART), available at http://www.ojp.usdoj.gov/smart/newsroom_jurisdictions_sorna.htm (last visited Aug. 8, 2013). Neither party's brief included information as to whether Kansas had substantially implemented the SORNA by the time of Defendant's conviction in 2009, but it appears that Kansas was not found to have substantially implemented the SORNA until July of 2011. SORNA Substantial Implementation Review for the State of Kansas, available at http://www.smart.gov/pdfs/sorna/Kansas.pdf.

registration requirements do not comport with the Commerce Clause to be foreclosed by controlling precedent. Defendant recognizes that every court of appeals to address a Commerce Clause challenge to the SORNA has upheld the Act, including the Eighth Circuit. *See, e.g. United States v. Howell*, 552 F.3d 709, 717 (8th Cir. 2009) (upholding the SORNA's requirements as a "necessary and proper means to further [Congress's] commerce clause power"). This Court cannot find that *Nat'l Fed'n of Indep. Bus. v. Sebelius* ("*NIFB*"), in which the Supreme Court addressed the constitutionality of the individual mandate provision of the Patient Protection and Affordable Care Act, mandates a contrary result. 132 S. Ct. 2566 (2012). Defendant cites to *NIFB* generally but does not cite to any portion in particular that he argues would support his position that the opinion would require deviation from Eighth Circuit precedent.[2] The Supreme Court held in that case that the individual mandate was not within Congress's Commerce Clause power stating, "[t]he individual mandate . . . does not regulate existing commercial activity. It instead compels individuals to *become* active in commerce by purchasing a product . . ." *Id.* at 2587. The Court gleans that Defendant would argue that the analogy should be drawn that the SORNA is, likewise, an attempt by Congress to regulate inactivity and to compel an individual to act, namely, to register as a sex offender. This argument, however, is contrary to the Eighth Circuit's opinion in *Howell*, which stated that "Congress enacted SORNA to track the interstate movement of sex offenders," and not simply to compel offenders to register. 552 F.3d at 716. This reasoning is not invalidated by the *NIFB* decision, which did not specifically address the SORNA and so did not address whether the SORNA regulates activity (interstate movement and tracking), as opposed to simply regulating

---

[2] The Government's brief likewise does not address this opinion. The Court nonetheless has reviewed the lengthy opinion in an attempt to ferret out any argument to be made.

inactivity (failure to register). In fact, it appears that this commerce clause issue remains open at the Supreme Court level. *See United States v. Kebodeaux*, 133 S. Ct. 2496 (June 24, 2013) (sidestepping Commerce Clause but upholding application of SORNA under the constitution's Military Regulation Clause—for Defendant who had previously convicted of a sex crime by court martial—and Necessary and Proper Clause, with Justice Thomas explicitly discussing and rejecting application of SORNA under the Commerce Clause in his dissent).

The Court declines to abandon Eighth Circuit precedent on these issues.

Accordingly, Defendant's Motion to Dismiss Indictment (Doc. 16) is DENIED.

IT IS SO ORDERED this 14th day of August, 2013.

*/s/P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE